IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RUGER, MODEL EC9S, 9mm CALIBER PISTOL BEARING SERIAL NUMBER 461-98423, ROHM RG10 REVOLVER, 22 CALIBER WITH NO SERIAL NUMBER, 4 ROUNDS REMINGTON 22 CALIBER AMMUNITION, 7 ROUNDS WINCHESTER-WESTERN 9 CALIBER AMMUNITION, | ) ) ) ) ) ) ) ) ) ) Civil Action No. 24-931 |
| Defendants. | ) |

**MEMORANDUM ORDER**

This is a civil forfeiture action filed against two firearms and ammunition seized from a location in the Western District of Pennsylvania during the course of a federal investigation. Presently before the Court is a *pro se* Motion for Property filed by claimant Jenai Bush, (Docket No. 4), and the United States' Motion to Strike Ms. Bush's claim, along with a supporting memorandum. (Docket Nos. 6, 7). For the following reasons, the United States' Motion will be granted, and the claim filed by Ms. Bush will be struck.

As background, on June 27, 2024, the United States filed a Complaint for Forfeiture against a Ruger, model EC9s, 9mm caliber pistol bearing serial number 461-98423 (the "Ruger pistol"); a ROHM RG10 Revolver, 22 caliber with no serial number (the "ROHM revolver"); 4 rounds of Remington 22 caliber ammunition; and 7 rounds of Winchester-Western 9mm caliber ammunition,

1

pursuant to 21 U.S.C. § 881(a)(11). (*See* Docket No. 1). As set forth in the Complaint, on February 8, 2024, law enforcement executed a federal arrest warrant for Lewis Johnson and a federal search warrant at a residence on Heart Court in Pittsburgh. (*Id.*, ¶ 3). Ms. Bush was an occupant of the residence. (*Id.*, ¶ 4). During the search, law enforcement found under the mattress of a bed in the master bedroom the Ruger pistol loaded with seven rounds of Winchester 9mm ammunition in the magazine and the ROHM revolver loaded with four rounds of Remington .22 caliber ammunition in the cylinder. (*Id.*, ¶ 5). Along with the firearms, law enforcement also found on a dresser methamphetamine/MDMA pills and $100 in United States currency. (*Id.*, ¶ 6). Ms. Bush told law enforcement that she was aware of the Ruger pistol under the mattress, but she was not aware of any other firearm in the residence. (*Id.*, ¶ 8). Ms. Bush also was aware that Johnson was on parole and had been in prison for approximately five years. (*Id.*, ¶ 9). Based on these indicators, the United States determined that the Ruger pistol, the ROHM revolver, and the ammunition are subject to forfeiture under 21 U.S.C. § 881(a)(11), which provides for forfeiture of any firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances. (*See id.*, ¶ 1)

On September 10, 2024, the United States sent a notice letter and copy of the Complaint to Ms. Bush notifying her of the forfeiture proceeding. (*See* Docket No. 7-1). The notice letter informed Ms. Bush of the procedures she was required to follow if she wished to contest the forfeiture of referenced property, which included filing a verified claim with the Clerk of Court pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"). (*See id.*).

On September 26, 2024, Ms. Bush filed a Motion for Property in which she asserted the following interest in the Ruger pistol:

> I would like my property back there was no need for them to take it and I have my paper work for my property they said I would get it back after the case was over but now there not trying to give it back I don't know why.

(Docket No. 4). Ms. Bush attached to her Motion an application/record of sale that lists her as the purchaser of the Ruger pistol. (Docket No. 4-1).

On October 15, 2024, the United States filed its Motion to Strike Ms. Bush's claim, contending that her vague, conclusory claim fails to identify her interest in the Ruger pistol, and her claim is not signed under penalty of perjury. (Docket No. 7 at 2, 4-5, 7). Given that Ms. Bush failed to comply with the statutory requirements for filing a claim in this civil forfeiture proceeding, the United States maintains that her claim should be struck for lack of standing. (*Id.* at 6-8).

Turning to the applicable legal standard, a claimant must demonstrate both statutory and Article III standing before she can challenge a civil forfeiture action. *United States v. $487,825 in U.S. Currency*, 484 F.3d 662, 664 (3d Cir. 2007) (citing *United States v. 8,221,877.16 in U.S. Currency*, 330 F.3d 141, 150 n.9 (3d Cir. 2003)). "Article III standing requires the claimant to show an interest in the property sufficient to create a 'case or controversy,' while statutory standing requires claimants to comply with certain procedures." *8,221,877.16 in U.S. Currency*, 330 F.3d at 150 n.9 (citation omitted). "Statutory standing is a *threshold* issue that determines whether a party is properly before the court." *Id.* (emphasis in original).

To establish statutory standing in a civil forfeiture case, a claimant must comply with the procedural requirements set forth in 18 U.S.C. § 983(a)(4)(A)[1] and the Supplemental Rules, particularly Rule G(5)(a)(i).  *$487,825 in U.S. Currency*, 484 F.3d at 664; *United States v. $102,535 in U.S. Currency*, 499 F. App'x 134, 136 (3d Cir. 2012).  Pursuant to that Rule, a claim in a civil forfeiture action must:

> (A) identify the specific property claimed;
>
> (B) identify the claimant and state the claimant's interest in the property;
>
> (C) be signed by the claimant under penalty of perjury; and
>
> (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

Supp. R. G(5)(a)(i).  The Third Circuit Court of Appeals has "emphasized that forfeiture claimants must strictly adhere to the filing requirements to perfect statutory standing." *$102,535 in U.S. Currency*, 499 F. App'x at 136 (citing *$487,825.000 in U.S. Currency*, 484 F.3d at 665). "The most important requirement is the timely filing of a verified statement of interest."[2]  *Id.* (citing *$487,825.000 in U.S. Currency*, 484 F.3d at 664).  "[V]erification is an essential element of any claim because of the substantial danger of false claims." *Id.* at 137 (citation omitted).  For this reason, the verification requirement "is no mere procedural technicality." *$487,825 in U.S.*

---

[1]  Section 983(a)(4)(A) provides, in relevant part, as follows:

> In any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims . . . .

18 U.S.C. § 983(a)(4)(A).

[2]  The requirement that the claimant timely file a verified statement of interest serves two purposes: (1) it allows the court to hear all interested parties and to resolve the dispute without delay; and (2) it minimizes the danger of false claims.  *$487,825 in U.S. Currency*, 484 F.3d at 664-65.

*Currency*, 484 F.3d at 665 (citation omitted).  Consequently, "[a] claimant who fails to file a verified statement has no standing to contest a forfeiture." *Id.*

After reviewing Ms. Bush's claim in accordance with the applicable standard, the Court finds that the claim does not satisfy the requirements of Supplemental Rule G(5)(a)(i).  Contrary to Rules G(5)(a)(i)(B) and (C), Ms. Bush did not verify under penalty of perjury that she is the lawful owner of the Ruger pistol.  Crucially, Ms. Bush's claim fails to describe her interest in the Ruger pistol, instead simply stating that she "would like [her] property back."[3] *See $487,825.000 in U.S. Currency*, 484 F.3d at 664 (instructing that the verified statement must identify the claimant's interest in the property).  Further, Ms. Bush did not sign the claim under penalty of perjury.  To that end, "[s]he did not verify her claim by, for example, stating her understanding that any false statements she made were subject to the penalties of 18 Pa. Cons. Stat. Ann. § 4904 relating to unsworn falsification to authorities." *$102,535 in U.S. Currency*, 499 F. App'x at 137.  Finally, the claim's deficiencies are not excused by Ms. Bush's *pro se* status. *See, e.g., United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 664 F. Supp. 2d 97, 102 (D.D.C. 2009) ("Although the individual claimants are *pro se* and so are entitled to some leniency, the less stringent standard for *pro se* litigants does not allow them to simply disregard the applicable Local and Federal Rules of Civil Procedure . . . .") (internal quotation marks and citation omitted).

In summary, Ms. Bush has not "strictly adhere[d] to the filing requirements" contained in the Supplemental Rules. *See $102,535 in U.S. Currency*, 499 F. App'x at 136  (citing *$487,825.000 in U.S. Currency*, 484 F.3d at 665).  Given her failure to do so, Ms. Bush lacks

---

[3] The application/record of sale that lists Ms. Bush as the purchaser of the Ruger pistol, (Docket No. 4-1), does not cure this deficiency.  As explained, Ms. Bush's claim does not contain a verified statement of her interest in the Ruger pistol, contrary to Rule G(5)(a)(i)(B).

statutory standing to challenge the forfeiture action, and the United States' Motion to Strike her claim must be granted.[4] *See* Supp. R. G(8)(c)(i)(A), (B) (permitting the United States to move to strike a claim for failing to comply with Rule G(5) or because the claimant lacks standing); *8,221,877.16 in U.S. Currency*, 330 F.3d at 150 n.9 (when a court finds that the claimant lacks statutory standing to proceed, "the proper response [is] to strike [the] claim").

Based on the foregoing, the Court enters the following Order:

AND NOW, this 4th day of November, 2024, IT IS HEREBY ORDERED that the United States' Motion to Strike Claim, (Docket No. 6), is GRANTED, and the claim filed by Jenai Bush as set forth in the Motion for Property, (Docket No. 4), is STRUCK.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record

Jenai Bush (via U.S. mail)
1268 Nolan Ct.
Pittsburgh, PA 15208

---

[4] In view of Ms. Bush's failure to perfect statutory standing, the Court need not address Article III standing. *See $487,825 in U.S. Currency*, 484 F.3d at 664 (citing *8,221,877.16 in U.S. Currency*, 330 F.3d at 150 n.9) (a claimant must demonstrate both statutory and Article III standing before she can challenge a civil forfeiture action).